UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA DELALUZ GOMEZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>WACHOVIA MORTGAGE CORPORATION (a North Carolina Corporation); WORLD SAVINGS, INC. (a California Corporation); CAL-WESTERN RECONVEYANCE CORPORATION (a California Corporation) and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No: CV-09-02111 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS BY DEFENDANT WORLD SAVINGS BANK, FSB**<br><br>**[Docket No. 17]** |

Plaintiff Maria Delaluz Gomez ("Plaintiff") brings the instant action against Defendant Wachovia Mortgage, F.S.B., formerly known as World Savings Bank, F.S.B. ("Defendant" or "Wachovia"), claiming numerous violations of state and federal laws that stem from the purchase of her home and the foreclosure process initiated by Defendant. The parties are presently before the Court on Defendant's Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 17.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   **BACKGROUND**

On October 11, 2006, Plaintiff financed the purchase of a residential property located at 19 Matisse Court, Oakley, CA 94561 ("the Property"). (See Notice of Removal, Docket No. 1, Ex. 1 ¶¶ 7-8 ("Compl.").) Specifically, Plaintiff obtained a loan in the amount of $426,000 from Wachovia (the "Loan"), which was secured by a deed of trust on the Property. (Id. ¶¶ 10-11; Compl. Ex. B) ("Deed of Trust.") Plaintiff later defaulted on the Loan. Cal-Western, the trustee

under the Deed of Trust, recorded a Notice of Default and Election to Sell under Deed of Trust on August 7, 2008.[1] (Compl. Ex. C.) On November 26, 2008, Cal-Western recorded a Notice of Trustee's Sale. (Compl. Ex. D.)

On December 30, 2008, Plaintiff filed the instant action in the Superior Court of the State of California for the County of Contra Costa, challenging the validity of the Loan and seeking, *inter alia,* its rescission and cancellation. Plaintiff alleges that Wachovia: (1) failed to fully disclose the loan terms and engaged in "deceptive loan practices" in violation of the federal Truth in Lending Act ("TILA"), Regulation Z (an implementing rule under TILA), the Home Ownership and Equity Protection Act ("HOPEA") and the Federal Trade Commission Act ("FTCA"); (2) failed to provide any documentation relating to the Loan in Spanish, in violation of California Civil Code § 1632; (3) failed to disclose a "Yield Spread Premium," in violation of California Financial Code § 4970; and (4) failed to serve timely Notice of Default and Notice of Sale in violation of California Civil Code § 2924. (Compl.¶¶ 12-19, 23 & 25.) The claims are framed as seven causes of action:  (1) declaratory relief, (2) to set aside notice of trustee's sale and notice of default, (3) cancellation of instruments, (4) quiet title, (5) accounting, (6) injunctive relief, and (7) damages.

On May 14, 2009, Wachovia removed the action to federal court on the ground that certain of Plaintiff's claims arise under federal law.  28 U.S.C. §§ 1441, 1331. On August 20, 2009, Wachovia moved to dismiss the complaint, except as to Plaintiff's claim alleging a violation of California Civil Code § 1632. (Docket No. 17.) Plaintiff filed a cursory opposition on October 7, 2009 (Docket No. 21), and Wachovia filed a reply on October 19, 2009 (Docket No. 25).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds

---

[1] Defendant Cal-Western Corp. was named because of its status as trustee under the Deed of Trust; it was voluntarily dismissed without prejudice on October 6, 2009. (Docket No. 22.)

upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). However, a complaint that only raises "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The plaintiff must establish that the allegations are pushed "across the line from conceivable to plausible[.]" Id. (quoting Twombly, 550 U.S. at 557).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

#### A. First Cause of Action: Declaratory Relief

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." A party seeking declaratory relief must establish that there is a present and actual controversy between the parties. City of Cotati v. Cashman, 29 Cal.4th 69, 80 (2002). Declaratory relief is only appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).

Thus, declaratory relief is ultimately a request for relief, rather than a cause of action, and in order to weigh it the Court must look to the underlying claims. See, e.g., Weiner v. Klais & Co.,

108 F.3d 86, 92 (6th Cir. 1997) ("With regard to Count IV, in which plaintiff seeks declaratory relief, plaintiff has merely asserted a form of relief, not a cause of action. Plaintiff is not entitled to this relief in the absence of a viable claim."). Within the cause of action for declaratory relief, Plaintiff alleges five distinct causes of action against Wachovia, based on violations of: (1) California Civil Code § 1632; (2) California Financial Cod*e* § 4970 *et seq.*; (3) HOEPA; (4) TILA; and (5) the FTCA. As noted, Wachovia does not move to dismiss the California Civil Code § 1632 claim, the remaining causes of action will be addressed in turn.

1.      *California Financial Code § 4970*

Plaintiff alleges Wachovia violated California Financial Code § 4970 *et seq.* ("§ 4970"), which prohibits predatory lending practices. Plaintiff claims that in failing to inform her that the Loan contained a Yield Spread Premium ("YSP") provision, Wachovia violated § 4970. (Compl. ¶ 16.) A YSP is a bonus paid by a lender to a mortgage broker when it originates a loan at an interest rate higher than the minimum interest rate approved by the lender for a particular loan. It acts as an incentive to induce borrowers to enter into mortgages with higher interests rates.

Wachovia moves to dismiss Plaintiff's § 4970 claim on the grounds that a state claim under § 4970 may not be brought against a federal savings bank, since federal savings banks are statutorily preempted by Home Owners' Loan Act ("HOLA"). See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). "HOLA created what is now the OTS [Office of Thrift Supervision] for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." State Farm Bank v. Reardon, 539 F.3d 336, 342 (6th Cir. 2008).[2]

The OTS has authority to issue broad regulations preempting state law. Fidelity Federal Savings & Loan, Ass'n v. de la Cuesta, 458 U.S. 141, 160 (1982). In particular, 12 C.F.R. § 560.2

---

[2] Defendant is a federal savings bank that is subject to regulation by the OTS. See Def.'s Request for Jud. Notice Ex 1.

- 4 -

provides that federal law "occupies the entire field of lending regulation for federal savings associations." The effect of this express preemption clause is to virtually occupy the entire field of lending-related activities of qualifying lending associations, and to leave no room for conflicting state laws. Fidelity, 458 U.S. at 152-154; Silvas, 514 F.3d as 1007 n.3 (citing Rice v. Santa Fe Elev. Corp., 331 U.S. 218, 230 (1947)).

To clarify the scope of HOLA's preemption, section 560.2(b) sets forth a non-exhaustive list of illustrative examples of the types of state laws that are expressly preempted, which include, *inter alia*, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. The specific section which is relevant to Plaintiff's Complaint is 12 C.F.R. § 560.2(b)(5), which states, in relevant part: "Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees…" Plaintiff's § 4970 claim is based on the alleged non-disclosure of a YSP, a loan-related fee, and is therefore preempted.

Accordingly, the Court DISMISSES Plaintiff's § 4970 claim without leave to amend.

2. *HOEPA*

HOEPA prohibits creditors from "extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h). Although section 1602(aa) covers consumer credit transactions secured by a consumer's principal dwelling, it expressly excludes a "residential mortgage transaction." 15 U.S.C. § 1602(aa). A "residential mortgage transaction" is defined as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

Plaintiff obtained a "purchase money loan" from Wachovia to finance her purchase of the Property. (Comp. ¶¶ 8, 10-11). As the loan was a transaction upon which a deed of trust was recorded, Plaintiff's loan qualifies as a "residential mortgage transaction," as defined by § 1602(w),

and thus is entirely exempt from HOEPA. See Llaban v. Carrington Mortg. Services, LLC, 2009 WL 2870154*5 (S.D.Cal., 2009) ("Plaintiff also alleges HOEPA violations…Plaintiff's claims under HOEPA fail as a matter of law, because 'residential mortgage transactions,' such as Plaintiff's purchase money mortgage, are expressly excluded from coverage); 15 U .S.C. § 1639(a)(1). A 'residential mortgage transaction' is defined in turn by 15 U.S.C. § 1602(w) to include "a mortgage, deed of trust, ... or equivalent consensual security interest ... created ... against the consumer's dwelling to finance the acquisition ... of such dwelling.'"). The Court notes that Plaintiff did not dispute this argument in her opposition.

Accordingly, Wachovia's motion to dismiss Plaintiff's cause of action arising under HOEPA is GRANTED without leave to amend.

   3.  *TILA*

Plaintiff brings forth a claim for money damages and rescission for alleged violations of TILA. "TILA was enacted in 1968 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.' 15 U.S.C. § 1601(a)." Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003).

     a)  TILA Claim for Money Damages

TILA contains a one-year statute of limitations for the recovery of monetary damages, the time period for which runs from the date of the occurrence of the violation. 15 U.S.C. §1640(e). Here, the date of the violation is the date the loan closed on October 11, 2006. Plaintiff's claim for money damages under TILA, filed in state court in May of 2009, exceeds the statute of limitations by approximately 1 year and 7 months and is clearly time-barred on its face.

Plaintiff argues that the doctrine of equitable tolling applies because the Loan documents in this case were not provided in Spanish and at the point at which she did discover the violations, she timely filed this action. (Opp. at 4:27-5:2.) "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [her] claim."

Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information she seeks." Id. Plaintiff's argument fails for the simple reason that it does not take into account the exercise of "all due diligence." Id. Even construing the alleged facts in the light most favorable to Plaintiff, Plaintiff did not allege, or imply, any facts or circumstances that served to prevent her - in the exercise of all due diligence - from having the documents translated into Spanish or having a third party review the documents for her. Consequently, the Court finds that the doctrine of equitable tolling does not apply to Plaintiff's TILA claim and is therefore time-barred. Accordingly, Plaintiff's claim for money damages arising under TILA is DISMISSED without leave to amend.

        b)        TILA Claim for Rescission

TILA's rescission provision does not apply to "a residential mortgage," which is defined by 15 U.S.C. § 1602(w) to mean "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  Thus, no statutory right of rescission exists under 15 U.S.C. § 1635(e) "where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." Betancourt v. Countrywide Home Loans, Inc., 344 F. Supp.2d 1253, 1260 (D. Colo., 2004); Turczynski v. Friedman, 2007 WL 4556923*4 (E.D. Cal. Dec. 20, 2007) (statutory analysis supported by a long string cite of federal cases in other jurisdictions reaching the same conclusion).

Plaintiff's loan was for a residential mortgage transaction.  (Comp. ¶¶ 8, 10-11.).  As such, Plaintiff's rescission claim fails under 15 U.S.C. § 1635, which bars the right of rescission for such loans.  The Court notes that Plaintiff failed to dispute this argument in her opposition.

Accordinlgy, Plaintiff's claim for rescission arising under TILA is DISMISSED without leave to amend.

### 4.     *The Federal Trade Commission Act*

Plaintiff alleged a violation of the Federal Trade Commission Act for "deceptive loan practices" by Wachovia. (Compl. ¶ 19.) However, the FTCA does not provide a private right of action. Fisher v. Coca-Cola Bottling Co. of Los Angeles, 1979 WL 1597*5 (C.D. Cal. Mar.12, 1979) ("There is no private right of action under the Federal Trade Commission Act. Initial remedial power lies with the Commission itself," citing Carlson v. Coca-Cola Company, 483 F.2d 279, 280 (9th Cir. 1973)).

Because the FTCA does not provide a private right of action, Wachovia's motion to dismiss Plaintiff's FTCA claim is GRANTED without leave to amend.

### B.     Second Cause of Action: Set Aside Notice of Trustee's Sale & Notice of Default

Plaintiff's second cause of action seeks to set aside the Notice of Trustee Sale and the Notice of Default for the following reasons: (1) the Loan was the result of predatory lending based on statutory violations, (2) the Notices were not timely served, in violation of *California Civil Code* § 2924, and (3) the defendants were not in possession of the original promissory note divesting them of the right to statutory non-judicial foreclosure under *California Civil Code* § 2924. (Compl. ¶¶ 21, 23, 25, 27, 28, 30, 31.)

As a threshold matter, Defendant moves to dismiss this claim on the grounds that Plaintiff lacks standing to challenge the foreclosure sale because she has not alleged that she offered or will offer to tender the undisputed amount of money she owes. According to Miller & Starr on California real estate law:

> A challenge to the validity of the trustee's sale is an attempt to have the sale set aside and to have the title restored. The action is in equity, and a trustor seeking to set the sale aside is required to do equity before the court will exercise its equitable powers. Therefore, *as a condition precedent to an action by the trustor to set aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least*

> *all of the delinquencies and costs due for redemption, before an action is commenced or in the complaint*. Without an allegation of such a tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action.

MILCALRE § 10:212 (emphasis added).

"A valid and viable tender of payment of the indebtedness owed is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (Cal.App.2.Dist. 1971); Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (Cal.App.6.Dist. 2003) (reiterating the tender rule and adding that it is strictly applied). Thus, Defendant's standing argument provides a valid reason for dismissal. Plaintiff did not dispute this argument in her opposition. Accordingly, the Court DISMISSES Plaintiff's second cause of action.

   1.   *Plaintiff's Second Cause of Action also Fails on other Grounds*

Plaintiff's second cause of action seeking to set aside the Notice of Trustee's Sale and Notice of Default alleges defendants "failed to comply with requirements of the statute by not serving said Notice[s] in the manner prescribed by law." (Comp. ¶¶ 23, 25).  However, Plaintiff fails to specify which section of California Civil Code § 2924 *et seq.* is allegedly violated or how service of the Notice of Trustee's Sale or Notice of Default purportedly violated it.  A cause of action based on a state statute must be pleaded with particularity. Covenant Care, Inc. v. Superior Court, 32 Cal.4th 771, 790 (2004); Lopez v. Southern Cal. Rapid Trans. Dist., 40 Cal.3d 780, 795 (1985).  Plaintiff's legal conclusion based on an alleged violation of § 2924 does not provide, as a matter of law, a basis for setting aside the Notice of Trustee's Sale and Notice of Default.

Furthermore, Plaintiff asserts the defendants are not legally entitled to proceed with a foreclosure because they do not possess the original promissory note, such a contention is unsupported.  See, e.g., Gamboa v. Trustee Corp., 2009 WL 656285, at *4 (N.D. Cal. 2009) ("the statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process."); Putkkuri v. Recontrust Co., 2009 WL 32567, at *2 (S.D. Cal. 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process.  Cal. Civ. Code §

2924(a). Production of the original note is not required to proceed with a non-judicial foreclosure."); <u>Candelo v. NDex West, LLC</u>, 2008 WL 5382259, at *4 (E.D. Cal. 2008) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure."); <u>San Diego Home Solutions, Inc. v. Recontrust Co.</u>, 2008 WL 5209972, at *2 (S.D. Cal. 2008) ("California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure."). Therefore, Plaintiff's claim that a trustee cannot institute non-judicial foreclosure without the beneficiary or the trustee showing possession of the original note fails, as a matter of law.

    C.    <u>Third Cause of Action: Cancellation of Instruments</u>

Plaintiff's third cause of action seeks to cancel the Deed of Trust, the Promissory Note, the Notice of Trustee's Sale and the Notice of Default. (Compl. ¶ 33.) However, Plaintiff's third cause of action simply incorporates all of her prior allegations, restating the Promissory Note and the Deed of Trust were the "product of multiple violations and statutes and were derived through a process of predatory lending practices…" <u>Id</u>. Thus, this cause of action fails on the same grounds as the second, as "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." <u>Karlsen v. American Sav. & Loan Assn</u>., 15 Cal.App.3d 112, 117 (Cal.App.2.Dist.1971). As noted, Plaintiff has failed to offer to tender the full amount owed on the Loan and therefore lacks standing. Plaintiff did not respond to this argument in her opposition. Additionally, as discussed above, Plaintiff has failed to allege any violations of law that would warrant the cancellation of the instruments.

Accordingly, the Court DISMISSES Plaintiff's third cause of action without prejudice.

    D.    <u>Fourth Cause of Action to Quiet Title</u>

The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to." <u>Newman v. Cornelius</u>, 3 Cal. App. 3d 279, 284 (1970). California Code of Civil Procedure § 761.020 provides that a complaint for quiet title "shall be verified" and shall include the following:

> (a) A description of the property that is the subject of the action....
> In the case of real property, the description shall include both

      its legal description and its street address or common
      designation, if any.

  (b) The title of the plaintiff as to which a determination under this
     chapter is sought and the basis of the title....

  (c) The adverse claims to the title of the plaintiff against which a
     determination is sought.

  (d) The date as of which the determination is sought. If the
     determination is sought as of a date other than the date the
     complaint is filed, the complaint shall include a statement of
     the reasons why a determination as of that date is sought.

  (e) A prayer for the determination of the title of the plaintiff
     against the adverse claims.

Defendant correctly moves to dismiss this cause of action on the following grounds. First, Plaintiff failed to verify the complaint and provide the specific information required pursuant to § 761.020. Second, in an action to quiet title, a debtor cannot "quiet title without discharging [her] debt. The cloud upon [her] title persists until the debt is paid." Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (Cal.App.1 Dist.1974). As already noted, Plaintiff has not offered to pay her debt. Therefore, Plaintiff's cause of action to quiet title fails for failing to meet the requirements of § 761.020 and Plaintiff lacks standing. The Court notes that Plaintiff did not dispute her lack of verification or failure to comply with § 761.020 in her opposition.

  Accordingly, the Court DISMISSES Plaintiff's fourth cause of action without prejudice.

  E.  <u>Fifth Cause of Action: Accounting</u>

Plaintiff alleges the right to an accounting, because she requested "from…Wachovia…and has yet to receive …a detailed accounting calculation and summary of the payoff balance they are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum." (Compl. ¶ 38.) Plaintiff claims that she "is legally entitled to such an accounting, yet [Defendant has] refused to provide one in a timely manner in compliance with California Civil Code § 2943." (Compl. ¶ 39.)

1  However, as Wachovia correctly argues, Plaintiff's legal conclusion that she is entitled to a full
2  accounting based on a reference to California Civil Code § 2943 is incorrect for several reasons.
3         First, § 2943 does not require a "detailed accounting calculation and summary," but, rather,
4  a *payoff demand statement*, which Plaintiff has not alleged Wachovia failed to provide. See
5  Cal.Civ.Code § 2943(a)(2)(H)(5). Thus, Plaintiff's claim is not actionable as the alleged violation -
6  the failure to provide a detailed accounting - is not required by the cited statute.
7         Second, depending upon the circumstances, § 2943 provides specific time limits for when a
8  claim for accounting can be made. Plaintiff has not alleged a date for when she made her request
9  and, thus, the Court is unable to determine whether there has been timely compliance.
10        Lastly, accounting actions are equitable in nature and appropriate when "the accounts are so
11 complicated that an ordinary legal action demanding a fixed sum is impracticable." Civic W. Corp.
12 v. Zila Indus., Inc., 66 Cal.App.3d 1, 14 (1977) (citations omitted). Normally, an accounting is
13 appropriate where a plaintiff seeks to recover an amount that is unliquidated and unascertained, and
14 that cannot be determined without an accounting. St. James Church v. Superior Court, 135
15 Cal.App.2d 352, 359 (1955) (internal citations omitted). Because in this case Plaintiff is essentially
16 seeking to have an explanation of her payoff amount, there does not appear to be a basis for an
17 equitable accounting claim. Plaintiff failed to dispute or address these arguments in her opposition.
18 Accordingly, Plaintiff's fifth cause of action is DISMISSED without prejudice.
19        F.     Sixth Cause of Action: Injunctive Relief
20        Wachovia moves to dismiss Plaintiff's sixth cause of action for injunctive relief on the
21 grounds that injunctive relief is a remedy, not a distinct cause of action. Wachovia is correct,
22 "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist
23 before injunctive relief may be granted." Camp v. Board of Supervisors, 123 Cal.App.3d 334, 356
24 (1981) (quoting Shell Oil Co. v. Richter, 52 Cal.App.2d 164, 168 (1942)).
25        Accordingly, Plaintiff's sixth cause of action for injunctive relief is DISMISSED.
26 ///
27 ///
28 ///

G. Seventh Cause of Action: Damages

Similarly, Wachovia is correct in moving to dismiss Plaintiff's seventh cause of action as damages are also a form of relief and not a distinct cause of action. County of Yolo v. Sacramento, 36 Cal. 193, 196 (1868). Plaintiff's seventh cause of action is DISMISSED.

IV. CONCLUSION

For the reasons discussed above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's claims brought pursuant to California Financial Code § 4970, HOPEA, TILA and the FTCA are dismissed with prejudice;

2. The remainder of Plaintiff's claims are dismissed without prejudice as Plaintiff can attempt to cure the various deficiencies discussed above;

3. Plaintiff may file an amended complaint on or before January 29, 2010;

4. A Case Management Conference is scheduled for **March 4, 2010, at 2:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated:_1/15/10

SAUNDRA BROWN ARMSTRONG
United States District Judge