UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA DELALUZ GOMEZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>WACHOVIA MORTGAGE CORPORATION (a North Carolina Corporation), et al.,<br><br>  Defendants. | Case No: C 09-2111 SBA<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR DISMISSAL OF CASE WITH PREJUDICE AND REMANDING ACTION** |

Plaintiff Maria Delaluz Gomez ("Plaintiff") filed the instant action against Defendant Wachovia Mortgage, F.S.B., formerly known as World Savings Bank, F.S.B. ("Defendant" or "Wachovia"), alleging numerous violations of state and federal laws that stem from the purchase of her home and the foreclosure process initiated by Defendant. Plaintiff originally filed suit in the Superior Court of the State of California for the County of Contra Costa on December 30, 2008. On May 14, 2009, Wachovia removed the action to federal court on the ground that certain of Plaintiff's claims arise under federal law. 28 U.S.C. §§ 1441. See Notice of Removal (Docket 1). Specifically, Wachovia predicated the removal on Plaintiff's causes of action alleging violations of the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOPEA") and the Federal Trade Commission Act ("FTCA"). Id.

On January 19, 2010, the Court granted Wachovia's motions to dismiss, except as to Plaintiff's claim alleging a violation of California Civil Code § 1632 on which Wachovia did not move to dismiss. The Court dismissed Plaintiff's federal causes of action with prejudice and the remainder without prejudice. The Court granted Plaintiff leave to file an amended complaint on or before January 29, 2010. Plaintiff failed to file an amended complaint and, thus, the sole remaining claim in this action is Plaintiff's cause of action arising under

1  California Civil Code § 1632.  On March 4, 2010, Wachovia filed a proposed Order of
2  Dismissal With Prejudice (Docket No. 31) that would have the Court dismiss the entire case
3  with prejudice for Plaintiff's failure to file an amended complaint.  However, as noted,
4  Wachovia did not move on, and the Court has not dismissed, Plaintiff's cause of action arising
5  under California Civil Code § 1632.

6  Because Plaintiff has failed to file an amended complaint and the sole remaining cause
7  of action arises under state law, the Court must first determine whether it has jurisdiction over
8  the action.  Federal courts have a duty to examine their subject matter jurisdiction whether or
9  not the parties raise the issue.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990);
10 United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004).
11 This rule applies equally to removed actions.  See Harris v. Provident Life and Acc. Ins. Co.,
12 26 F.3d 930, 932 (9th Cir. 1994) ("Although no objection was made to removal, we must still
13 address whether federal jurisdiction exists."); see also 28 U.S.C. § 1447(c) ("[i]f at any time
14 before final judgment it appears that the district court lacks subject matter jurisdiction, the case
15 shall be remanded."); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346
16 F.3d 1190, 1192 (9th Cir. 2003) ("we have held that the district court must remand if it lacks
17 jurisdiction").

18 When the federal claim that served as the basis for removal is eliminated, either through
19 dismissal by the court or by a plaintiff amending his or her complaint, federal courts may
20 decline to assert supplemental jurisdiction over the remaining state law causes of action and
21 exercise its discretion to remand them to state court.  See 28 U.S.C. § 1367(c)(3); Acri v.
22 Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise
23 discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).  Here, the sole remaining
24 cause of action arises under state law for an alleged violation of California Civil Code § 1632.
25 To date, no responsive pleadings have been filed, no discovery has been taken, and no dates
26 have been scheduled.  Given the lack of any federal claims, coupled with the early stage of the
27 litigation, the Court exercises its discretion and remands the action to the state court from
28 which it was removed.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When

the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court."). Accordingly,

    IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Contra Costa, pursuant to 28 U.S.C. § 1447(c). The Clerk shall close the file and terminate any pending matters in this Court's docket.

    IT IS SO ORDERED.

Dated: March 22, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge